SUPERIOR LODGE, Degree of Honor, Plaintiff, v. VAN
CAMP, Commissioner of Insurance, Defendant.

(166 N. W. 545.)

(File No. 4345.  Opinion filed February 25, 1918.)

**1.   Insurance—Mandamus—Fraternal Insurance, Renewal Certificate**

of Authority, Compelling Insurance Commission to Renew—
Plaintiff, Whether a Corporation?—Corporate Compliance
With Statute re Plan of Business—Scope of Articles, Business
Authority to Transact; These as Defenses.

In an application for writ of mandamus to compel Commis-
sioner of Insurance to renew plaintiff's certificate of authority
to do business in this state as a fraternal insurance organ-
ization, the defenses being, (1.) that plaintiff is not a corpora-
tion, (2) that if it is such, it did not comply with Civ. Code,
Sec. 707, providing that articles of incorporation "shall show
the plan of business," (3) that if a corporation, its articles
are not broad enough to authorize it doing an insurance busi-
ness;, held: (1) that plaintiff is a corporation under Civ. Code,
Art. 18, Secs. 706, 707, 708,- et seq.,' providing (Sec. 706)
that every corporation or association organized under the laws
of this state upon mutual assessment, co-operative or natural
premium plan for purpose of insuring individuals' lives, or
furnishing benefits to widows, etc., shall comply with provisions
of said article, and that (707) its articles shall show "the
plan of business;" (2) that, in absence of more detailed statu-
tory requirements as to articles showing plan of business, the
action of the Commissioner of Insurance and of the Attorney
General in approving plaintiff's articles at time of incorpora-
tion, renders that matter a closed incident; and (3) that its
corporate powers, mentioned in its articles, and authorizing
it to create funds in aid of members during sickness, etc., and
for erection of homes for the widows, etc., of its members, or
for such other purpose as the Superior Lodge may determine,
to care for the living and bury the dead, to pledge members
to payment of stipulated funds to deceased members' bene-
ficiaries, etc., are sufficient basis to authorize adoption of it
by laws for transaction of its business now being conducted.

2.  Corporations — Fraternal Insurance Corporations — Statute,
    Whether for Incorporation, or Regulation—Regulatory Sta-
    tutes—Contents of Articles—Compared, Construed.

In an application by a fraternal insurance association for
writ of mandamus compelling Commissioner of Insurance to
renew its certificate of authority to do business, the defense
being that Civ. Code, Art. 18, is not an incorporation statute
but is merely regulatory, that if the former it is exclusive as
to corporations operating under it, held, in view of Civ. Code,
Sec. 706, providing that every corporation or association or-
ganized under laws of this state upon the mutual assessment,
co-operative or natural premium plan, etc., shall before com-
mencing business, comply with provisions of that article, and
Sec. 738, providing that fraternal, benevolent and secret asso-
ciations organized or operated for purpose of paying death

benefits, etc., must comply with provisions of said article,—— that as to incorporations mentioned in Sec. 738, said Art. 18 is merely regulatory; ·that as to defendant's contention that Sec. 707, Civ. Code, providing that the articles of incorporation shall show "the plan of business," does not specify what the articles shall contain, that, in absence of specific provision in Art. 18, the general requirements of Sec. 408, Civ. Code, being the provisions governing general incorporations, would apply.

3.   Corporations—Incorporation    of    Fraternal—Compliance    With Statute, Whether Resulting in Incorporation, Declaration in Statute, Immateriality of—Amendment of Articles, Whether Statutory Provision for Necessary.

  Although there is no provision in Civ. Code, Art. 18, Secs. 706, 707, 708, et seq., that upon compliance with required statutory steps the organization shall be a corporation, as is mentioned in Sec. 411, relating to other corporations, held, in denying an application for writ of mandamus against Insurance Commissioner compelling him to renew plaintiff's certificate of authority to do business as a fraternal insurance organization, a defense being that plaintiff is not a corporation, that such statutory declaration is unnecessary; it being absent from Arts, 14 and 15, Civ. Code, concerning mutual insurance of the articles yet, held, that even if "recording" does not for amendment of the articles would be wise and useful, it is unnecessary to the act of incorporation.

4.   Corporations—Incorporation    of    Fraternal    Associations—Filing Articles—Statute    Requiring    "Recording,"    Effect—Statutes Construed.

  While Civ. Code, Sec. 707, providing that mutual and assessment insurance associations shall be "recorded" in office of ·Commissioner of Insurance, does not specifically require filing of the articles yet, held, that even if "recording" does not comprehend "filing" under said section, still Pol. Code, Sec. 154, Subd. 2, does require their filing in his office; hence the defense of Insurance Commissioner to an application for writ of mandamus compelling him to renew plaintiff's authority to do business as an association, on ground that Sec. 707 does not require such filing in his office, is untenable.

5.   Statutes—Title—Fraternal    Incorporation—Whether    Incorporation, or Regulatory Act—"Control" Broader than Regulation.

  Laws 1890, Ch. 51, being the parent law of Civ. Code, Arts. 17 and 18, concerning mutual and assessment insurance companies, is an incorporation statute, and not merely a regulatory act. So held, in construing its title, being An Act to "Regulate and Control * * * mutual assessment," etc. companies or asso-

ciaticns; the word "control" in the title indicating a broader scope of the act than mere regulation.

6. **Corporations—Incorporation of Domestic Insurance Companies—Secretary of State, Supervisory Power, Whether Applicable—Statutes.**

Domestic insurance companies, mentioned . in Civ. Code, Sec. 706, concerning incorporation of mutual and assessment insurance companies, do not derive their corporate life through the Secretary of State; since, Pol. Code, Sec. 6/7, providing that Secretary of State shall have general supervision of incorporation of all private corporations, etc., excepts from its provisions insurance companies; hence the contention that compliance with Art. 18 was simply necessary to entitle companies already incorporated, to transact insurance business, is untenable; there having been no authority vested in Secretary of State to pass upon articles of incorporation of insurance companies, except those organized under Laws 1905, Ch. 125, and possibly other statutes, until' enactment of Laws 1917, Ch. 268.

7. **Corporations—Methods of Incorporation, Legislative Policy as Governing**

The determination of methods by which corporations may be formed is matter of legislative policy; the history of incorporation legislation in this state and the former territory of Dakota showing great variety of methods of incorporation, and lack of uniformity as to what officer the articles should be lodged with.

8. **Corporations — Mutual and Assessment Insurance — Statute, Whether an Incorporation, or Regulatory.**

Civ. Code, Sec. 707, providing that the articles of incorporation of mutual and assessment insurance companies specified in Sec. 706 shall show the plan of business, and shall be submitted to Commissioner of Insurance and Attorney General, and if found to comply with provision of that article they shall approve same, that when approved they shall be recorded by Commissioner of Insurance and notice published as provided for under general laws for organization of fire insurance companies, and Sec. 708, providing that no corporation or association organized under said act shall take a name in use by any other organization, etc., relative to matter of incorporation, their provisions being inconsistent with the idea that they are merely regulatory; which conclusion is borne out by Sec. 709, referring to associations, "organized under this act," and Secs. 712 and 713 containing the words "organized or operating under this article;" that, if organized under Art. 18, (embracing said sections), they could only be organized under Sec.

10—Vol. 40, S. D.

707, 708; since the word "organized" is there used synony-
mously with the word "incorporated."

9. **Corporations—Mutual, Assessment, Insurance—Statutes, Whether
Incorporation, or Regulatory—Contemporaneous Construction
by Attorneys General, Weight of, re Interpretation.**
In view of the fact that, after passage of Laws 1891, Ch.
105, (Pol. Code, Sec. 67), conferring upon Secretary of State
general supervision of private incorporations, except insurance
companies, it was the opinion of successive Attorneys General
that said statute was an incorporation statute, such contem-
poraneous interpretation is entitled to weight in arriving at
the present time at what was the Legislature's intent in its
enactment of said law, and Art. 18, Civ. Code, relative to
corporations.

Original proceeding in Supreme Court. Application by
plaintiff, Superior Lodge Degree of Honor, a corporation, to
compel defendant, W. N. Van Camp, as Commissioner of In-
surance of the State of South Dakota, to renew plaintiff's certi-
ficate of authority to do business as a fraternal insurance organi-
zation. Writ ordered issued.

*Bailey & Voorhees,* for Plaintiff.

*Byron S. Payne,* Assistant Attorney General, for Defendant.

(2) To point two of the opinion, Defendant cited: Civ.
Code Secs. 396, 407, 411.

(6) Under point six of the opinion, Plaintiff submitted that:
It was not necessary that plaintiff, in addition to complying with
the provision of said Article 18, that it have complied also with
the provisions of said article 19, Sections 725 to 746, Civil Code,
that is to say, after having articles of incorporation approved by
the Commissioners of Insurance and Attorney General, as was
done, and after then having the articles recorded in the office of
the commissioner of Insurance, it was not necessary that plain-
tiff then file its articles in the office of the Secretary of State;
and cited: Pol. Cod. Secs. 65 to 70, inc., Arts. 1 to 18, inc. ch.
3, Title 2, Pt. 3, Civ. Code.

GATES, J. Application for peremptory writ of mandamus
to compel the commissioner of insurance to renew the certificate
of authority of the plaintiff to do business in South Dakota as
a fraternal insurance organization for the year ending February
28, 1919.

By his return to the order to show cause, the commissioner

of insurance raises three issues of law and none of fact, viz.:
(1) That plaintiff is not a corporation; (2) that if it is a cor-
poration it did not comply with the requirement of section 707,
C. C., that the articles of incorporation "shall show the plan of
business;" (3) that, if it is a corporation, its articles of incor-
poration are not comprehensive enough to authorize it to do an
insurance business.

[1]     Our conclusion is:     (1) That plaintiff is a corpora-
tion duly incorporated under the provisions of article 18 of the
Civil Code chapter relative to corporations, viz. sections 706-738,
C. C., inclusive; (2) that in the absence of any more detailed
requirement as to the articles showing the plan of business other
than is mentioned in section 707, C. C., the action of the com-
missioner of insurance and of the Attorney General in approving
the articles in 1907, at the time of the incorporation, renders
that matter a closed incident; (3) that the corporate powers men-
tioned in paragraphs 3 and 4 of the "General Purposes and
Objects of the Corporation," as disclosed by its articles, are a
sufficient basis to authorize the adoption of by-laws for the trans-
action of the business of insurance now being conducted by plain-
tiff as disclosed by the record.     Said paragraphs are as follows:

"(3)     To create funds in aid of the members during sick-
ness or other disability, and for the erection of homes for the
widows and orphans of its members or for such other purposes
as the Superior Lodge may determine, and generally to care for
the living and bury the dead.

"(4)     To pledge the members to the payment of a stipulated
sum to such beneficiary as a deceased member may have desig-
nated while living, under such restrictions and upon conditions as
the laws of the order may prescribe.     The Superior Lodge, De-
gree of Honor, shall be composed of officers and representatives
as follows:"

[2]     We think the only matter that requires further discus-
sion is issue No. 1.     The defendant contends that said article 18
is not an incorporation statute, but is merely a regulatory statute
and assigns as his reasons the matters hereinafter specified.     He
contends that, if it is an incorporation statute, it is the ex-
clusive incorporation statute for domestic corporations operating
under it.     There would be force in the contention if section 706,

C. C., contained the only provision in regard thereto. That section says:

"Every corporation or association organized  *  *  * shall, * * * comply with the provisions of this article."

But section 738, C. C., also says:

"Fraternal, benevolent and secret societies  *  *  * organized or operated for the purpose of paying death benefits * * * must comply with the provisions of this article."

Manifestly as to the domestic incorporations mentioned in the latter section article 18 is merely regulatory. He next contends that section 707, C. C., does not specify what the articles of incorporation shall contain. In the absence of specific provision therefor in article 18, the general requirements of section 408, C. C., would obtain.

[3-5] He next contends that there is no provision in article 18 that upon compliance with the required steps the organization shall be a corporation, as is mentioned in section 411, C. C., with reference to other corporations. Such declaration is unnecessary, and was entirely absent from many of the incorporation acts of the state and territory. At the time of the incorporation of plaintiff it was absent from articles 14 and 15 of the chapter of the Civil Code relative to corporations. He next contends that there is no provision for the amendment of the articles. Such a provision, while wise and useful, is unnecessary to the act of incorporation. He next contends that section 707, C. C., does not require the filing of the articles in his office, merely their recording. Even if "recording" does not comprehend "filing," section 154 Pol. Code, subd. 2, does require their filing in his office. He next contends that chapter 51 of the Laws of 1890, which was the parent law of articles 17 and 18, was not an incorporation statute, because its title was simply that of a regulatory act. We are of the opinion that the word "control" in the title was sufficient to indicate a broader scope of the act than mere regulation.

[6-8] Finally he asserts that the domestic insurance companies mentioned in section 706, C. C., got their corporate life through the secretary of state, and that compliance with article 18 was simply necessary to entitle them to transact an insur-

ance business, and this, in the face of section 67, Pol. Code, which provides:

"The secretary of state shall have a general supervision of the incorporation of all private corporations organized under the laws of this state, except insurance companies."

After the enactment of that section, which first appeared as a part of chapter 105, Laws 1891, and until the enactment of chapter 268, Laws 1917, the secretary of state had no authority to pass upon the articles of incorporation of insurance companies, except in the case of insurance corporations organized under chapter 125 of the laws 1905, and possibly other statutes. The determination of the methods by which corporations may be formed is unquestionably a matter of legislative policy. The history of incorporation legislation in South Dakota and in the territory of Dakota shows a great variety of methods of incorporation and an entire lack of uniformity in the designation of the officer with whom the articles of incorporation should be lodged. We are of the opinion that sections 707 and 708, C. C., relate to the matter of incorporation. They contain provisions inconsistent with the idea that they are merely regulatory. Sections 708 and 709, C. C., contain the words "organized under this act." Sections 712 and 713, C. C., contain the words, "organized or operating under this article." If organized under article 18, they could only be organized under the provisions of sections 707 and 708, C. C. We are therefore of the opinion that the word "organized" is there used synonymously with the word "incorporated."

[9] Finally, after the passage of chapter 105 of the Laws of 1891 (now section 67, Pol. Code), it was the opinion of Attorney General Crawford in 1893 and of Assistant Attorney General Taylor in 1900 that chapter 51 of the Laws of 1890 was an incorporation statute. So far as is disclosed by the volumes of the opinions of Attorneys General, no contrary opinion was ever expressed until after the incorporation of this plaintiff in 1907. Such contemporaneous interpretation is entitled to weight in arriving at the present time at what was the legislative intent in the enactment of chapter 51, Laws 1890, and of article 18 of the Civil Code, relative to corporations. Attorney

General Crawford said in answer to an inquiry from the secretary of state as follows (A. G. Op. 1894, p. 20).

"That it appears from the articles of incorporation submitted that one of the purposes of the incorporation is the payment of death benefits, and under the provisions of section 52, and of section 3 of chapter 51, Laws of 1890, it is the opinion of this office that said corporation belongs under the insurance department of the state, and that these articles should be filed with the auditor of the state, and not in your office."

Assistant Attorney General Taylor said (A. G. Op. 1900, p. 175):

"Chapter 51 of the Session Laws of 1890 provides for the incorporation and regulation of life insurance companies."

No other reason being assigned by defendant for his refusal to renew plaintiff's certificate of authority, we are of the opinion that the writ prayed for should issue.