[File No. 6899]

MARGARET KELSCH, Appellant, v. JOHN M. MILLER, Respondent.

(15 NW(2d) 433, 155 ALR 1186)

Opinion filed August 4, 1944. Rehearing denied August 31, 1944.

*J. K. Murray,* for appellant.

*Simpson, Mackoff & Kellogg,* for respondent.

*Alvin C. Strutz,* Attorney General, *P. O. Sathre,* Assistant Attorney General, *B. A. Dickinson,* Assistant State's Attorney, *Ralph F. Croal,* State's Attorney, *Earl P. Walter,* State's Attorney, and *W. H. Stutsman,* as amici curiae.

CHRISTIANSON, J. The plaintiff brought this action to determine adverse claims to certain land in Stark County in this state. In the complaint it is alleged that the plaintiff is the owner in fee simple of the tract in question. The defendant answered alleging that the land was sold on December 10, 1935, for the nonpayment of taxes for the year 1934, at the sale appointed by law to be held for the sale of such lands; that at such sale the premises were bid in by Stark County; that thereafter Notice of Expiration of Period of Redemption was duly given, as required by law, but that no redemption was made, and that

thereupon on November 18, 1940, a tax deed was duly issued to the county, and recorded in the office of the Register of Deeds of the county. That thereafter said Stark County, at a sale held according to law, sold said premises to the defendant, John M. Miller.

It is further alleged that if the plaintiff acquired or has a deed to the lands in question, that the same was acquired by her after the former owner had been divested of title by the tax deed issued to the county.

Defendant asks judgment that the plaintiff be decreed to have no right, title, or interest in the land and that the defendant be decreed to be the owner thereof, subject to the interests of Stark County for payments still due on the purchase price.

The case was tried to the court without a jury and resulted in findings and judgment in favor of the defendant and the plaintiff has appealed.

The appellant has limited the questions sought to be reviewed on appeal to the sufficiency of the Notice of Expiration of Period of Redemption. In her brief, the plaintiff says that the notice is fatally defective in the following particulars:

"1. The time when redemption expires is not stated definitely; date of redemption is vague and confusing.

"2. The total amount specified in the Notice is much greater than the amount necessary to redeem; it includes an amount of Four Hundred Seventy-seven and 5/100ths Dollars ($477.05) to be paid for land which is not described in the Notice."

3. That if the court holds there is land described in the notice "on which taxes are Four Hundred Seventy-seven and 5/100ths Dollars ($477.05) then same is void because no more than one year's taxes can be incorporated in any one Notice."

These objections to the notice will be considered in the order stated.

(1) Our laws provided for two notices of Expiration of Period of Redemption on land sold to a county at tax sale. 1925 Supplement, § 2202; Laws 1939, chap. 235. One notice was required to be given (1) to the record title owner, (2) to the person in possession of the land, and (3) to mortgagees, lien holders and other persons interested in the land as may appear from the records of the Register of Deeds

and Clerk of District Court for the county. Service of such notice was required to be made upon those to whom notice was required to be given in the manner prescribed by statute. 1925 Supplement, § 2202; Laws 1939, chap. 235, subd (3). The other was a general notice as to all tracts of real estate, on which the Period of Redemption was about to expire. This notice was given by publication only in the official newspaper of the county. 1925 Supplement, § 2202; Laws 1939, chap. 235, subd (4), (5). The notice, the sufficiency of which is challenged in this case, is the one required to be given to the record title owner. The original notice, which was offered in evidence, together with the proof of service, shows that the notice was issued May 13, 1940, and was served by registered mail as prescribed by statute by mailing on May 15, 1940.

The notice states that the real estate thereinafter described "was, at the tax sale held in this County on the 10 day of December, 1935, offered for sale for delinquent taxes against it for the year 1934 and was sold to the county, and subsequent tax sale certificates have been issued to the county for the years hereinafter set forth; that more than three years have expired from the date of each of said tax sale certificates, that no redemption has been made therefrom, and that the same are still the property of such county, and unless redemption is made from each of said tax sale certificates on or before the first day of October, after the date of this notice appearing above my signature, tax deed will be issued to the county, granting to and vesting in it absolute title in fee to said real property, and foreclosing all rights of redemption, and any and all other rights of the owner and of all mortgagees and lien holders and other persons interested therein as may appear from the records of the Register of Deeds and Clerk of the District Court of said county, except the right of redemption granted by chapter 238, Sess Laws 1939."

The statute relating to such Notice of Expiration of Period of Redemption says that the notice "shall contain the information indicated in the following form and may be substantially in the following form." The form of notice set forth in the statute did not contain the last clause in the above quoted portion of the notice that was given in this case; that is, the form of notice as given in the statute did not contain

the clause "except the right of redemption granted by chapter 238, Sess Laws 1939."

It is the claim of the appellant that the addition of this clause rendered the notice uncertain and indefinite as to the time within which redemption must be made and hence, the notice was void.

Chapter 238, Laws 1939, to which reference is made in the notice, was entitled: "An act providing for the redemption of real estate forfeited to the county for delinquent taxes by former owners, prescribing the conditions therefor, providing for the repurchase of real estate forfeited to the county for delinquent taxes on contract for deed, prescribing the terms therefor, and declaring an emergency."

Section 1 of the act provides: "Any real estate heretofore or hereafter forfeited to the county under tax deed proceedings, shall be subject to redemption by the owner whose title was forfeited, or his successor in interest, at any time while the tax title thereto remains in such county and prior to resale, upon the payment of the amount which would have been required to effect a redemption had no tax deed been issued thereon, plus interest at the rate of four (4%) per cent per annum, from the date of the execution of such tax deed; provided that such right of redemption shall not interfere with the existing right of the county to re-sell real estate acquired by tax deed at any time as otherwise provided by law. Where a redemption is made under this act, the county auditor shall execute a quit claim deed in behalf of the county for such real estate to the person making such redemption."

Subsequent provisions in the act empower the board of county commissioners "to enter into a contract for deed for the resale to the former owner, or his successor in interest, of any real estate which had been forfeited to the county on tax deed proceedings."

The notice here left no doubt as to the time the period of redemption would expire, or what the result would be if redemption were not made within the time specified. The notice stated that "unless redemption is made from each of said tax sale certificates on or before the first day of October, after the date of this notice appearing above my signature, tax deed will be issued to the county, granting to and vesting in it absolute title in fee to said real property, and foreclosing all rights of redemption, and any and all other rights of the owner and of all mort-

gagees and lien holders and other persons interested therein as may appear from the records of the Register of Deeds and Clerk of the District Court of said county, except the right of redemption granted by chapter 238, Sess Laws 1939."

The statute prescribing the form of notice did not require that the clause "except the right of redemption granted by chapter 238, Sess Laws 1939," be inserted in the notice. But the insertion of this clause could not have operated to the prejudice of anyone. The clause merely called the attention of the reader to the statute that was cited. The only possible effect was to negative any intention to cut off any right granted to the owner, or his successors in interest, by that statute. It is inconceivable that the owner or any person served with the notice could have been prejudiced by the clause in question.

The statute relating to Notice of Expiration of Period of Redemption required that such notice shall "contain" certain "information." If a notice fails to contain the prescribed information, it is insufficient; but if the notice gives additional information that could not possibly operate to the prejudice of the recipient, and that is beneficial rather than harmful, it obviously does not operate to vitiate the notice.

(2) It is next contended that the amount stated in the notice as the amount required to be paid to effect redemption is in excess of the amount that was required to be paid for such purposes. This contention is devoid of merit. The Notice of Expiration of Period of Redemption was prepared on a printed form. Such form contained a column in which the amounts required to be paid were to be inserted. The blank spaces so provided were substantially as follows:

Total Amt. Necessary to Redeem

............................
............................
............................
............................
Total...........................................

The blanks were filled in with typewriter showing that the amount necessary to redeem consisted of three items: the taxes for the year 1934, the taxes for the year 1935, and a fifty cent charge (which is required

by statute to be inserted in the notice to reimburse the county in part for the expense of publication and mailing of the notice. Laws 1939, p 395; Laws of 1941, p 526, § 6.

In inserting the amounts necessary to redeem, the figures were written substantially as follows:

Total Amt. Necessary to Redeem

|       | 53 | 77 | sub |
|-------|----|----|-----|
|       | 477 | 5 | sub |
|       |    | 50 |     |
| Total | 102 | 02 |     |

It is the contention that the figures as thus written show that the second item, that is, the amount due for 1935 taxes, was $477.05, whereas the amount actually due was only $47.75. This contention is, we think, wholly untenable. It seems entirely clear that the second item did not purport to be $477.05, but purported to be $47.75. The total of the three items given at the bottom would, of course, dispel any possible doubt.

The notice clearly showed that the total amount necessary to redeem was $102.02 and no more. According to the findings of the trial court, that was the correct amount; and that finding is not challenged on this appeal.

(3) It is next contended that payment of only the amount due on the tax sale certificate is required to effect a redemption from a tax sale; that this is the only amount a redemptioner may be required to pay, and the only amount that should be stated in a notice of expiration of the period of redemption, and that other taxes against the land, subsequent to those on which the tax sale certificate is based may not be included in the amount required to be paid to effect redemption. And it is asserted that inasmuch as the notice of redemption involved in this case included not only the amount due upon the tax sale certificate issued for the 1934 taxes, but included, also, the amount due upon the subsequent tax certificate issued in December 1936 for the 1935 taxes, the notice is fatally defective.

As said, our laws require two separate notices of expiration of the

period of redemption on land sold to the county at tax sale. The provision for such notices was first made in chapter 199, Laws 1925. That statute contained forms of notices, which it said must be substantially followed. The first notice required to be given was a general notice which included all parcels of real estate that had been sold to the county for which the county was entitled to apply for tax deed. The notice stated that "opposite each tract appears the amount which will be required to redeem from the effects of such tax sale at the expiration of the period of redemption including the amount for which the said land was sold, interest and penalty thereon, subsequent delinquent taxes prior to those of the year 19.., and penalties and interest thereon." Section 5, Comp. Laws Supp. 1925, § 2202.

The second notice to be given was required to be addressed to the record title owner and such notice was required to be served as provided by the statute upon the record title owner, the person in possession, and upon mortgagees and lien holders of record. This form of notice did not make any specific reference to subsequent delinquent taxes. It stated:

"There is given herewith the descriptions of such parcels of real estate, and set opposite each description is the amount which will be required upon the date of the expiration of the period of redemption to redeem such real estate from such tax sale exclusive of the cost of serving this notice personally upon the owner and the person in possession thereof."

"(Descriptions of real estate and amounts required for redemption to be inserted.)" Comp. Laws Supp. 1925, § 2202.

The legislature could not have intended that one of the notices should include "subsequent delinquent taxes" in the amount required for redemption, and that the other notice should not include them. The amount would not vary interim the notices, unless some payment were made in the meantime.

So when the legislature, in chapter 199, Laws 1925, provided that the first notice, (required to be given by publication as to all parcels of land that had been sold to the county for which the county was entitled to apply for tax deed), should show opposite each tract "the amount which will be required to redeem from the effects of such tax

sale at the expiration of the period of redemption including . . . subsequent delinquent taxes prior to those of the year 19.., and penalties and interest thereon," it must have intended that the same amount should be stated as the amount required to be paid to effect redemption in the second notice, i. e. in the notice which the statute required to be addressed to the record title owner, and served upon him, upon the person in possession, and upon mortgagees and lien holders of record. The "subsequent delinquent taxes" required to be so included were all subsequent taxes "which became delinquent after the tax sale and prior to those of the year in which the notice of expiration was given." Fish v. France, 71 ND 499, 514, 2 NW(2d) 537, 545.

No changes have been made in the statement in either of the notices of expiration as to the amount required to be paid to effect a redemption. This statement was precisely the same in the forms of notice prescribed by our laws in May 1940 (when the notice in question here was issued) as it was in the forms prescribed by the enactment of 1925. Laws 1925, chap. 199, § 5; 1925 Supplement, § 2202; Laws 1927, chap. 266; Laws 1939, chap. 235. However, changes had been made in other provisions of the laws relating to tax sales and proceedings for tax deeds. Thus, chapter 199, Laws 1925, provided that when there were no bidders at a tax sale the county treasurer should bid for the same in the name of the county and the same should be struck off and become forfeited to the county. It was further provided that a tract of land so struck off and sold to the county should be "assessed and taxed like other real estate until the period of redemption expires but shall not again be offered for sale for such subsequent taxes unless the county has made an assignment of the certificate of sale." Laws 1925, chap. 199, § 2. In 1931 the legislative assembly amended said chapter 199 so as to eliminate the provisions last referred to, and to provide as follows:

"Subsequent tax sale certificates shall be issued to the County annually as to all real property upon which the County is holding the original certificate of tax sale or any subsequent tax sale certificate. Such certificates shall be issued as of the date of the annual tax sale. Subsequent tax sale certificates issued to the County shall have the effect to convey all the rights, interest, privileges and title conveyed by an origi-

nal certificate of tax sale issued pursuant to the regular annual Auditor's tax sale. The County shall be entitled to a tax deed three (3) years from the date of tax sale at which the real estate described in such certificate would have been sold for such taxes, in case said taxes had not been paid as subsequent, upon giving the statutory notice of expiration of period of redemption. In case redemption is not made tax deed shall be issued in the same manner and with the same force and effect as though issued under an original tax sale certificate, pursuant to a regularly conducted tax sale." Laws 1931, chap 298, § 2.

Chapter 199, Laws 1925 provided that a tract of land sold at tax sale might be "redeemed at any time within three years from the date of sale by any person or corporation having an interest therein who shall pay into the treasury of the county for the credit of the person thereto entitled, the amount paid by the purchaser at the time of sale, with a penalty of three per cent and interest thereon at the rate specified in such certificate of sale together with all amounts of subsequent taxes, penalties and interest paid by the holder of such certificate of sale up to the date of redemption with interest at the rate of three-fourths of one per cent per month from the date of payment of such subsequent taxes. . . ." § 4. This provision was amended by the legislative assembly of 1931 (Laws 1931, chap 298, § 3) to read as follows: "Any original tax sale certificate may be redeemed at any time within three (3) years from the date of sale by any person or corporation having an interest in the real estate sold for taxes and described in such certificate, who shall pay into the treasury of the County for the credit of the person entitled thereto, the amount paid by the purchaser at the time of sale together with a penalty of three (3) per cent and interest thereon at the rate specified in such certificate of sale. Any subsequent tax sale certificate may be redeemed at any time within three (3) years from the date of tax sale at which the real estate described therein would have been sold for such taxes, in case said taxes had not been paid as subsequent. Redemption may be made by any person or corporation having an interest in such real estate by paying the amount of such subsequent certificate together with interest at the rate of three-fourths (3-4) of one (1) per cent per month from the date thereof; provided, however, that subsequent tax sale certificates

must be redeemed in the order in which they were issued and provided, further, that any tax sale certificate, original or subsequent, may be redeemed by any person or corporation having an interest in the land described in such certificate at any time prior to the issuance of a tax deed." Laws 1931, chap 298, § 3.

Laws 1925, chap 199, § 5, provided: "All pieces or parcels of real property bid in for the county under the provisions of this chapter, and not redeemed or assigned within three years from the date of the certificate of sale or subsequent tax sale certificate shall upon the giving of the required notice of expiration of redemption become the absolute property of the county and the county auditor shall issue a tax deed therefor to the county in the same manner as to individual purchasers. . . ."

This provision was not repealed; was specifically enacted by the legislative assembly of 1939 (Laws 1939, chap 235, § 1), and was in full force and effect when the certificates of tax sale in question here were issued, and the proceedings for tax deed involved herein were had.

The effect of the legislative enactments of 1931 (Laws 1931, chap 298) and 1939 (Laws 1939, chap 235) was to eliminate the requirement (Laws 1925, chap 199) that in order to make redemption from a tax sale certificate the redemptioner must pay the amount of subsequent taxes, penalties and interest without regard to the date when such taxes were paid or became due. Under these enactments, the redemptioner could be required to pay only the amount due upon a tax sale that had been had and upon a certificate that had been issued three or more years before the notice of expiration of the period of redemption was issued, and he could not be required to pay as part of the amount necessary for redemption any subsequent taxes that had accrued, or the amount of a tax sale certificate issued less than three years prior to the date of the notice of expiration of the period of redemption.

But both the enactment of 1931 (Laws 1931, chap 298) and the enactment of 1939 (Laws 1939, chap 235) entitled the holder of a certificate of tax sale to apply for, and after notice to receive, a tax deed

where three or more years have expired from the date of the tax sale certificate.

These enactments (Laws 1939, chap 235, Laws 1931, chap 298, and Laws 1925, chap 199) all contemplated that the county auditor should cause tax deed proceedings to be instituted on a tax sale certificate held by the county where more than three years had expired from the date of the certificate.

But interim the enactment of Laws 1931, chap 298, and the enactment of Laws 1939, chap 235, certain laws were enacted by the legislature and certain executive orders were issued by the Governor, which acts and orders suspended or purported to suspend the operation of the laws under which a county might institute proceedings for a tax deed. Thus, in 1933, the legislative assembly enacted a statute, which suspended until December 31, 1935, the provisions of law which provided for the issuance of a tax deed to a county. Laws 1933, chap 264. In 1935 the legislative assembly further suspended until December 31, 1937, the provisions of law relating to issuance of a tax deed to a county. Laws 1935, chap 277.

The purpose of these acts was to grant to the owners of land and to those entitled to redeem additional time in which to make redemption. The said acts and executive orders did not purport to suspend the right of qualified redemptioners to make redemption. They purported merely to suspend the right of the holders of tax sale certificates to apply for and obtain tax deeds. There was nothing in any of such acts and orders that interfered with the right of those who otherwise were qualified to redeem to make redemption.

As a result of the moratoria on tax deed proceedings, subsequent tax sale certificates accumulated, and the various counties became holders of subsequent tax sale certificates issued for many successive years against the same tract of land. The condition that resulted became one of difficulty and concern. Tax income was impaired. The financial and administrative problems that confronted the counties as to tax sale certificates held by them became matters of public concern, and were so recognized by the legislative assembly which convened in 1939.

That legislative assembly enacted laws providing for the leasing by a county of lands to which it had acquired tax deeds (Laws 1939, chap

237), for the redemption or repurchase of land, that had been forfeited to the county, by the former owner or his successor in interest while the title remained in the county (Laws 1939, chap 238). The legislative assembly also enacted a comprehensive statute relating to the acquisition by a county of title to property to which it held tax sale certificates that had been outstanding for three years or more. Laws 1939, chap 235. The first section of that statute provided: "All pieces or parcels of real property bid in for the county under the provisions of this chapter and not redeemed or assigned within three (3) years from the date of the certificate of sale or subsequent tax sale certificate, shall upon the giving of the required notice of expiration of period of redemption become the absolute property in fee of the county and the county auditor shall issue a tax deed therefor to the county in the same manner as to individual purchasers."

It also contained a provision as to the form of notice of expiration of period of redemption, which form contained a statement that to effect a redemption certain taxes subsequent to those represented by the certificate of tax sale must be paid. Laws 1939, chap 235, § 1, ¶ 5.

The legislative assembly also enacted a statute suspending the operation of laws for the issuance of tax deeds to a county until October 1, 1939. That act, however, provided that it should not "prohibit appraisals or sales of any of the property" to which the county had acquired title prior to the taking effect of such act. Laws 1939, chap 236. The legislative assembly also enacted a law providing for contract settlements of delinquent taxes (Laws 1939, chap 227). Under this latter law, the board of county commissioners of a county were authorized to enter into an agreement with the owner of property upon which there were delinquent taxes for 1937, or prior years, for settlement of such taxes by payment of ten per cent in cash and the balance in nine annual payments with the "on or before" privilege of payment. All of this legislation evidences the interest and concern of the lawmakers in the situation as it then existed. . They sought on the one hand to take care of the common public interest and on the other to protect the rights of the owner of property covered by tax sale certificates.

Did the lawmakers intend, and did the language which they em-

ployed evidence an intent, that where a county was the owner of more than one tax sale certificate against the same tract of land, and where both or all tax certificates had been issued more than three years before, that a separate proceeding must be had on each certificate, and a separate notice of expiration of the period of redemption issued on each? Or did they intend that in such case such tax sale certificates might be included in one notice of expiration of the period of redemption?

We think they intended that they might be included in one notice. Chapter 235, Laws 1939, certainly does not in terms prohibit the inclusion in the notice of expiration of the period of redemption of more than one certificate of tax sale against the same tract of land, where each of the certificates was issued more than three years before the notice of expiration of redemption was issued. And such inclusion is in harmony with and tends to carry out the purposes and provisions of the law.

The lawmakers said clearly and unequivocally that "subsequent tax sale certificates shall be issued to the County annually as to all real property upon which the County is holding the original certificate of tax sale or any subsequent tax sale certificate." Laws 1931, chap 298, § 2. "Any original tax sale certificate may be redeemed at any time within three (3) years from the date of sale," and "Any subsequent tax sale certificate may be redeemed at any time within three (3) years from the date of tax sale at which the real estate described therein would have been sold for such taxes, in case said taxes had not been paid as subsequent." Laws 1931, chap 298, § 3. "All pieces or parcels of real property bid in for the county . . . and not redeemed or assigned within three (3) years from the date of the certificate of sale or subsequent tax sale certificate, shall upon the giving of the required notice of . . . redemption become the absolute property in fee of the county and the county auditor shall issue a tax deed therefor to the county . . . ." Laws 1939, chap 235, § 1. The lawmakers also said that the notice of expiration of the period of redemption should be substantially in the form which they prescribed. Laws 1939, chap 235, § 1, ¶ 5.

In the brief and upon the oral argument, the assistant attorney gen-

eral called attention to the contemporaneous construction placed upon Laws 1939, chapter 235, by the executive officers charged with the duty of executing it. It is well settled that such construction of an ambiguous or uncertain statute is entitled to weight. 59 CJ 1025 et seq; 25 RCL p 1043; 26 Am. & Eng. Enc. Laws 2d ed 633; 1 Cooley, Const. Lim. 8th ed 147; Musgrove v. Baltimore & O. R. Co. 111 Md 629, 75 A 245; O'Laughlin v. Carlson, 30 ND 213, 152 NW 675; State ex rel. Kinzer v. Hall, 50 ND 708, 197 NW 770; State ex rel. Gammons v. Sorlie, 56 ND 650, 219 NW 105; Ford Motor Co. v. State, 59 ND 792, 231 NW 883. See also State v. Equitable Life Assur. Soc. 68 ND 641, 282 NW 411; Superior Lodge, D. H. v. Van Camp, 40 SD 142, 166 NW 545.

The assistant attorney general further called attention to the following: After the laws of 1939 took effect the county auditors and states attorneys sought the advice of the attorney general upon certain questions that presented themselves in the carrying into effect of the provisions of Laws 1939, chapter 235. The questions were of such importance and interest that a conference was held at the state capitol in February 1940. One of the questions presented and considered at such conference was whether under the provisions of law then in force there might be included in a notice of expiration of the period of redemption, in a proceeding for a tax deed upon a tax sale certificate held by a county, only the amount due upon such certificate, or whether there might be included in such notice the amounts due on all tax sale certificates held by the county against the same tract of land, and which certificates had been issued more than three years before the notice of expiration of the period of redemption was issued. The attorney general and tax commissioner were of the view that all tax sale certificates held by the county might be included, provided they had been issued more than three years before, and provided the notice showed separately the amount due upon each tax sale certificate. Thereafter a form of notice of expiration of the period of redemption, substantially like the one that was given here, was prepared by the tax commissioner, approved by the attorney general, and submitted to the officers of the various counties for their use.

In this case, Stark County held two tax sale certificates against the

same tract of land. The certificates had been issued pursuant to tax sales held in 1935 and 1936 for delinquent taxes for the years 1934 and 1935, respectively. In May, 1940, it became incumbent upon the county auditor to issue a notice or notices to the record title owner, and to mortgagees, lien holders and others interested in the land, and to the occupant or tenant in possession thereof, notifying them that the county had acquired and was the owner of such tax sale certificates, that more than three years had expired since the date of each of the certificates, that no redemption had been made from either of them, that a certain stated amount was due upon each of the certificates, that this must be paid within a designated time to effect a redemption, and that unless redemption were made from each of such certificates within the stated period of time, a tax deed would issue to the county for the land. The county was entitled either to have paid to it the amount due on each of the certificates as stated in the notice, or if those entitled to make redemption failed to do so, then the county was entitled to a tax deed for the land. Those designated by the law as entitled to notice of expiration of the period of redemption were entitled to such notice as the law required. Were they entitled to a separate notice on each certificate, or was it sufficient if the required information as to both certificates were set forth in one notice? The county auditor, in conformity with his construction of the law, issued one notice.

The notice that was issued gave to the persons to whom it was addressed and to any recipient thereof, all the information that was required by the law to be given concerning each of the certificates in a notice of expiration of the period of redemption. The notice contained full and complete information as to each tax sale certificate. It gave notice that the land had been sold to the county for the delinquent taxes for the years 1934 and 1935 at the tax sales held in subsequent years for the sale of lands for delinquent taxes. It stated the amount required to be paid for the redemption of each tax certificate and the total amount required for both certificates. As said, we are of the view that the notice was sufficient and that the inclusion of the two tax sale certificates—both having been issued more than three years before the date of notice of expiration of the period of redemption— was authorized under the law. The notice issued and served operated

to give to the persons to whom it was addressed and upon whom it was served such notice as the law required to be given.

The judgment appealed from is affirmed.

MORRIS, Ch. J., and BURKE, NUESSLE AND BURR, JJ., concur.

CHRISTIANSON, J. (On petition for rehearing) Plaintiff has petitioned for a rehearing. It is asserted that there was no authority to include in the notice of expiration of the period of redemption more than one tax certificate, and that the inclusion of the two certificates rendered the notice invalid. The remainder of the petition seeks to raise and present for determination certain questions that were not raised in the trial court or in the oral argument or brief on appeal, but are sought to be raised for the first time in the petition for rehearing. So far as the petition for rehearing re-argues questions disposed of in the former opinion, we see no reason for departing from the views there expressed, and so far as the petition seeks to present questions that were not raised in the trial court and which are foreign to the theory on which the action was tried, the petition presents no valid ground for rehearing.

"The rule is elementary that where the parties act upon a particular theory in the trial court, they will not be permitted to depart therefrom when the case is brought up for appellate review. This is true of the construction placed upon pleadings. 3 CJ p 725. It is true as to the relief sought and the grounds therefor. 3 CJ p 730. It is true generally as to the theories acted upon by the parties in the court below. See 3 CJ pp 718 et seq. A party cannot proceed with a trial upon one theory, and advance another and inconsistent theory on appeal. A party cannot be heard to say for the first time on appeal that a certain issue does not in fact exist because of certain admissions in the pleadings." Lindberg v. Burton, 41 ND 587, 599, 171 NW 616, 620. See also Movius v. Propper, 23 ND 452, 136 NW 942; Ugland v. Farmers & M. State Bank, 23 ND 536, 137 NW 572; Enderlin v. Pontiac Twp. 62 ND 105, 242 NW 117; Funderburg v. Young, 68 ND 481, 281 NW 87.

We adhere to the former opinion. A rehearing is denied.

MORRIS, Ch. J., and BURR, NUESSLE and BURKE, JJ., concur.