Norman L. MARTIN, Executor of the Last Will and Estate of Ben Martin, Deceased, Plaintiff and Appellant,

v.

Martin M. RIPPEL et al., Defendants,

Lynn Nicola, Alyce B. Nicola, the Dakota National Bank of Bismarck, Patrick J. Fitzsimmons, Ralph Lang and Walter Lang, Defendants and Respondents.

Civ. No. 8435.

Supreme Court of North Dakota.

July 12, 1967.

Rehearing Denied Aug. 23, 1967.

Milton K. Higgins, Bismarck, for plaintiff and appellant.

Vogel, Bair & Graff, Mandan, for defendants and respondents Patrick J. Fitzsimmons, Ralph E. Lang, and Walter Lang.

Zuger, Zuger & Bucklin, Bismarck, for defendants and respondents Lynn Nicola and Alyce B. Nicola.

PAULSON, Judge.

This is an appeal from two partial judgments involving actions to quiet title to certain real estate located in Township 137, Range 79, Morton County, North Dakota. The actions to quiet title involved approximately 1,200 acres of land and the trial court awarded certain acreage to the plaintiff, and none of the defendants appealed from this portion of the judgment. The defendants other than the parties to this appeal all defaulted. This appeal involves the remaining portion of the land, which land consists principally of the real estate lying between Auditor's Lot 1 and what was originally the east boundary of Lot 7 of Section 20, as well as Lots 1, 2, 3, and 4 in Section 29, all in Township 137, Range 79, Morton County, North Dakota. This property consists of 539.40 acres and constitutes accretions to the above-mentioned lots. The land involved in this appeal is a portion of the old Missouri River bed, and all of the parties to this action stipulated that the land which is involved in this action resulted from accretion to the riparian lots.

The district court decreed that the plaintiff was the owner of Lots 2 and 3 in Section 29, together with the accretions thereto. The court also decreed that the defendants, Lynn Nicola and Alyce B. Nicola, were the owners of Lot 7 in Section 20 with the accretions thereto; that the defendant Patrick J. Fitzsimmons was the owner of Lot 1 in Section 29 with accretions thereto; and the defendants Ralph E. Lang and Walter Lang were the owners of Lot 4 in Section 29 with accretions thereto. The

trial court in making its findings relied upon an exhibit designated as Defendants' Exhibit AA, which is an engineer's plat designating the acreage accretions to which each of the riparian owners is entitled. We have included Exhibit AA to which we have added certain explanatory information for purposes of clarity. The court was not

SURVEY MADE FOR

BEN MARTIN–LYNN NICOLA ET AL

PAT FITZSIMMONS–RALPH E. LANG ET AL

TWP. 137 N.–RGE. 79 W.

MORTON COUNTY–NORTH DAKOTA

Missouri River Channel Changes

1. Meander of Right Bank, 1899 – – – –
2. Meander of Right Bank, 1963 + + + +
3. West Boundary Line of Auditor's Lot 1, represented by . . . .
   (Property acquired by Martins from which there has been no appeal.)

furnished with a metes-and-bounds description of each of the above tracts of land, but, based upon the engineer's plat, found and determined the accretion to Lot 7 to be 108.60 acres; the accretion to Lot 1 to be 91.0 acres; the accretion to Lots 2

and 3 to be 251 acres; and the accretion to Lot 4 to be 88.80 acres.

The plaintiff has appealed from the partial judgment entered in favor of the defendants Patrick J. Fitzsimmons, Ralph E. Lang, and Walter Lang; and from the partial judgment in favor of the defendants Lynn Nicola and Alyce B. Nicola. The plaintiff has demanded a trial de novo and served separate notices of appeal and furnished separate cost bonds. A settled statement of the case in the appeal concerning Fitzsimmons and the Langs was secured by the appellant, pursuant to stipulation of the respective counsel. The attorneys for the defendants Lynn Nicola and Alyce B. Nicola refused to stipulate to a settled statement of the case. The attorney for the plaintiff did not, as a step in the completion of the record on appeal, or prior to the hearing before this court, make any motion for a settled statement of the case in the district court, nor did he make a motion to remand the case to the district court at the time of the argument of the appeal.

This court now is confronted with the motion by the Nicolas to dismiss the appeal for lack of timely prosecution or, in the alternative, that the appeal be limited to a review of the judgment roll only, and that the appellant is not entitled to a trial de novo because he did not obtain a settled statement of the case. Section 28-18-06 of the North Dakota Century Code specifically provides the method and manner in which the record in a case for presentation to the Supreme Court shall be prepared. This statute provides, among other things, that:

"The record in a case for presentation to the trial court on a motion for a new trial or for judgment notwithstanding the verdict, or to the supreme court on appeal, shall be prepared as follows:

"1. Within thirty days after notice of the entry of judgment or of the order to be reviewed, or within such further time as the court shall allow, the moving party must procure a transcript of the evidence and furnish a copy thereof to the adverse party with a notice that at a time not less than fifteen nor more than thirty days after the service of such notice, he will present the same to the judge for certification as a correct transcript of the evidence and of all proceedings had and made matter of record by the official reporter, and that, at the same time, he will ask the judge for a certificate identifying the exhibits and depositions in the case; * * * * "

■ A review of the record shows that there has not been a timely compliance with the statute for settlement of the statement of the case concerning the Nicola judgment. Since there is not a settled statement of the case, there is no evidence before this court for review. While absence of a settled statement of a case does not require a dismissal of an appeal, it limits a review of this court to matters appearing upon the face of the judgment roll. Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99; Compson v. Olson (N.D.), 75 N.W.2d 319.

The appellant did not file any specifications of error, and a review of the judgment roll conclusively shows that there are no errors on the face of the judgment roll. Therefore, the judgment with reference to the property of the Nicolas must be affirmed.

The remainder of this opinion will be limited to a consideration of the appeal from the partial judgment entered by the trial court in favor of the defendants Patrick J. Fitzsimmons, Ralph E. Lang, and Walter Lang as to the accretions determined to have become a part of the riparian lots owned by them. The appellant predicates his argument on three basic points presented in his brief:

1. Continuous occupancy for twenty years, based upon written instruments indicating title in the appellant;

2. That the defendants are barred from asserting any claims by virtue of the statute of limitations; and

3. The payment of taxes on riparian lands constitutes payment on the accretions thereto without specific mention of the accreted land.

■ The appellant states as his first contention that adverse possession commenced with the construction and continuous use of a surveyed fence which was originally built in September 1936 as a boundary. The appellant has cited several statutes which we set forth in their entirety:

"28-01-04. *Actions for recovery or possession of real property—Limitations.*—No action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action." [N.D.C.C.]

"28-01-08. *Adverse possession when based upon written instrument.*—Whenever it shall appear that the occupant, or those under whom he claims, entered into the possession of premises under a claim of title exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree or judgment, or of some part of such premises, under such claim for twenty years, the premises so included shall be deemed to have been held adversely." [N.D.C.C.]

"28-01-09. *Acts constituting adverse possession based upon a written instrument.*—For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument or upon a judgment or decree, land shall be deemed to have been so possessed and occupied in each of the following cases:

"1. When it has been usually cultivated or improved;

"2. When it has been protected by a substantial enclosure;

"3. When, although not enclosed, it has been used for the supply of fuel or of fencing timber for the purposes of husbandry, or the ordinary use of the occupant; or

"4. When a known farm or a single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not enclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated, but when the premises consist of two or more contiguous lots, the possession of one lot shall not be deemed a possession of any other of such lots." [N.D.C.C.]

"47-06-03. *Title to real property— Adverse possession.*—A title to real property, vested in any person who has been or hereafter shall be, either alone or including those under whom he claims, in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who, either alone or including those under whom he claims, shall have paid all taxes and assessments legally levied thereon, shall be valid in law. Possession by a county under tax deed shall not be deemed adverse. A contract for deed shall constitute color of title within the meaning of this section from and after the execution of such contract." [N.D.C.C.]

The appellant urges that his claim of adverse possession is based upon written instruments, that is, upon deeds secured from William G. Keck, covering Lot 1 and Auditor's Lot 1 of Section 28, and from

William E. Martin, with reference to Lots 2 and 3 of Section 28, together with the accretions thereto. The appellant does not have in his possession any deeds, nor has he proved payment of taxes on any of the property claimed by the defendants. The only deeds which he holds are to the property awarded to him by the district court. The appellant has thus failed in his burden of proving color of title to any of the property decreed to the respondents. Since the appellant has failed to show color of title, his contentions can be upheld only where adverse possession not based on a written instrument is substantiated by the evidence.

The pertinent statutes regarding adverse possession not based upon a written instrument are as follows:

"28–01–10. *Extent of real estate affecteed by adverse possession not based on written instrument.*—When there has been an actual continued occupation of premises under a claim of title exclusive of any other right, but not founded upon a written instrument or upon a judgment or decree, the premises actually occupied and no other shall be deemed to have been held adversely." [N.D.C.C.]

"28–01–11. *Acts constituted adverse possession not based upon a written instrument.*—For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument nor upon a judgment or decree, land shall be deemed to have been possessed and occupied only in the following cases:

"1. When it has been protected by a substantial enclosure; or

"2. When it has been usually cultivated or improved." [N.D.C.C.]

The appellant relies upon a fence constructed by him and his predecessors in interest in 1936, which fence generally follows the west boundary of the old river bed.

The evidence indicates that this fence was heavily damaged by spring floods and that a major portion of the fence was destroyed by ice in 1943. A new fence was not built until 1959. To be adverse, the acts set forth in Section 28–01–11 of the North Dakota Century Code, quoted previously, must be not only actual but also visible, continuous, notorious, distinct, and hostile and of such character as to unmistakably indicate an assertion of claim of exclusive ownership by the occupant. Enderlin Inv. Co. v. Nordhagen, 18 N.D. 517, 123 N.W. 390; Woodland v. Woodland (N.D.), 147 N. W.2d 590. An enclosure is not sufficient to establish title by adverse possession where it is only temporary or is not maintained for the period of limitation prescribed by statute. 2 C.J.S. Adverse Possession § 26(3), page 541. The appellant, having failed to maintain the fence under which his claim is made, accordingly has not succeeded in proving adverse possession by virtue of protection by a substantial enclosure for a period of at least twenty years. The appellant further contends that he usually cultivated and improved the property. The evidence shows that the appellant did cultivate certain tracts, but the land that was cleared and regularly cultivated was located on Auditor's Lot 1, which is not involved in this appeal. One field in the old river bed, approximately 300 yards long and 150 feet wide, was cropped by the Martins for four years until it was abandoned in 1943 because such land was too sandy for successful farming. The evidence as to the use of the disputed land for pasturage of cattle and for hunting does not establish improvement or cultivation necessary for adverse possession. The testimony shows that there were periods of several years when there were no cattle on the land in question and such testimony is fortified by the condition of the fence, which would further serve to raise doubt and question concerning the continuous possession of this land by the appellant.

The appellant also urges that the statute of limitations bars the defendants

from asserting any claim to the disputed property. In support of his position, he cites Section 28–01–04, supra, which provides that no action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action. However, since the disputed land in this appeal is accreted land, the ownership of such land inures to the owners of the bank lands, pursuant to Section 47–06–05, supra. Furthermore, as the legal title-holders of such land, the former riparian landowners would be presumed to be the owners thereof, pursuant to the provisions of Section 28–01–07 of the North Dakota Century Code, which reads as follows:

> "28–01–07. *Presumption against adverse possession of real estate.*—In every action for the recovery of real property or for the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action."

Thus the burden of proof is upon the person claiming title by adverse possession and, where the claimant fails to prove such adverse possession, the presumption of possession by the legal title-holders would apply.

■ The appellant also contends that payment of taxes on the bank lands constitutes payment on the accretions thereto without specific mention of such . accretions. However, the appellant has failed to prove payment of taxes on the property to which the disputed property has accreted. The record shows that the Morton County treasurer's receipts for taxes paid in the years 1957, 1959, and 1961 were introduced in evidence. These receipts show that the appellant's predecessor in title paid the taxes on Government Lot 1 and on Auditor's Lot 1 of Section 28, as well as the taxes on Lots 2 and 3 of Section 29. There was no evidence introduced to the effect that the appellant paid any taxes on Lots 1 and 4 of Section 29 and the accretions to said lots, which are the subject matter of this appeal. Thus the contentions of the appellant regarding the payment of taxes are without merit.

■ The appellant has continuously urged and contended that the appellant and his predecessor in interest were the only persons who asserted any affirmative action toward the development of this accreted land. However, in an action to quiet title to real estate, the plaintiff must rely upon the strength of his own title and not on the weakness of that of his adversary. Pierce Tp. of Barnes County v. Ernie, 74 N.D. 16, 19 N.W.2d 755; Woodland v. Woodland (N.D.), 147 N.W.2d 590. The appellant presents another interesting argument which requires analysis and consideration. The attorney for the plaintiff asserts that the surveyor, Mr. Ernest C. Stee, who was called as a witness for the plaintiff-appellant, erred in not commencing the beginning point of the survey at a point farther west than the survey point which was used by such surveyor. Should this contention be correct, the effect of the new starting point for the survey would be to move the entire boundary of Auditor's Lot 1 to the west, thus including most of the land in dispute in this appeal. This issue was first raised on appeal to this court. It is a well-settled rule of law that the appellate court will not review a case on a theory different from that on which it was tried. Grant v. Jacobs, 76 N.D. 1, 32 N.W.2d 881; Kelsch v. Miller, 73 N.D. 405, 15 N.W.2d 433, 155 A.L.R. 1186; Hultberg v. Hultberg, 49 N.D. 761, 193 N.W. 605.

The burden is upon the plaintiff to establish adverse possession for the statutory period by clear and convincing evidence. Ellison v. Strandback (N.D.), 62 N.W.2d 95. Woodland v. Woodland, supra.

The evidence in the Nicolas' case is not before us for the reasons heretofore stated. However, in view of the fact that all of the evidence is contained in one transcript and has been reviewed by this court, the decision would be the same in the Nicolas' case if such case were properly before us.

The judgment of the district court accordingly is affirmed because the appellant has failed to prove adverse possession under any of the applicable statutes.

STRUTZ, C. J., and KNUDSON, ERICKSTAD and TEIGEN, JJ., concur.