[File No. 6827.]

ARLENE HODGES, Formerly Arlene Merriam, Respondent, v.
JOHN A. McCUTCHEON, Citizens State Bank of Garrison, a
Corporation, P. J. Eggers, and All Persons Unknown,
and
JOHN A. McCUTCHEON, Appellant.

(5 NW(2d) 83.)

Opinion filed June 13, 1942.   Rehearing denied August 14, 1942.

*Hyland & Foster,* for appellant.
*Williams & Lindell (R. L. Fraser,* on brief), for respondent.

BURKE, J.   Plaintiff brought this action to quiet title to a forty acre tract of land located in McLean county.   Her claim of title was derived through a tax deed to the property.   The answering defendant Mc-Cutcheon was the owner of the record title to the land prior to the

issuance of the tax deed in question. A trial of the case resulted in a judgment quieting title to the property in the plaintiff. The answering defendant has appealed from the judgment and has demanded a trial anew of the whole case in this court.

The validity of plaintiff's deed was questioned upon two principal grounds; first, that plaintiff owed a duty to the answering defendant to pay the taxes upon the premises and that she could not after failing to make payment acquire a valid tax title against the person to whom she owed the duty, and second, that no sufficient notice of expiration of the period of redemption from tax sale was ever served upon the answering defendant.

In support of his claim that it was plaintiff's duty to pay the taxes, the defendant McCutcheon testified that in the fall of 1918 he had entered into an oral agreement with W. G. Merriam, the father of the plaintiff, according to the terms of which, Merriam rented the land and agreed to pay the taxes thereon in lieu of cash rent. Merriam denied that there was such an agreement. He denied that he used the land except that he did use a road way across it over which he drove his milk cows back and forth from his barn to his own pasture. As to the payment of taxes subsequent to 1918, the record shows the defendant tesified as follows:

"Q. Who paid the taxes for 1919?

"A. I don't know.

"Q. Didn't you pay those taxes?

"A. I probably did.

"Q. Prior to 1928 you paid those taxes, didn't you?

"A. I probably did, or Mr. Merriam did. I know they were paid up to that time.

"Q. Do you know who paid those taxes up to and including 1927?

"A. I wouldn't swear to it. No.

"Q. And you may have paid those taxes yourself?

"A. I cannot say. It might be possible, but I don't have any recollection of paying them."

Upon plaintiff's cross-examination an attempt was made to establish that she used this tract of land jointly with her father. In answer to the questions put by defendant's counsel she stated that some of her

stock ran with her father's stock; she denied knowledge of any agreement for the rental of the land and she corroborated her father's statement as to the use made of it. There is no testimony in the record that anyone ever saw the stock of plaintiff or of her father pasturing upon the land. The trial court found that the answering defendant's claim that it was plaintiff's duty to pay the taxes upon this land was not sustained by credible evidence and we are agreed that this finding was correct.

The defendant's challenge to the sufficiency of the notice of expiration of the period of redemption is threefold. He asserts that the amount of money set forth in the notice as necessary to effect a redemption is excessive; that the stated period within which redemption might be made is less than the statutory minimum; and that the description of the property contained in the notice is insufficient.

The land in question was sold December 11, 1928, for the delinquent 1927 taxes amounting to $8.27. The amount set forth in the notice as necessary to effect a redemption was $63.98. The record shows that this amount included taxes for the two years prior to 1927 as well as for two years subsequent thereto. The amount actually necessary to redeem was the sum of the 1927 tax and subsequent taxes plus penalty and interest. Fish v. France, 71 ND 499, 2 NW (2d) 537. The notice did not disclose that taxes prior to 1927 had been included in the amount set forth therein, nor did it disclose the amount of the tax. penalty and interest for any single year. The notice thus not only failed to state the correct amount due but also failed to give information from which the defendant could compute the amount which he might tender to effect a redemption. Such a notice was insufficient to cut off defendant's right of redemption. Ibid. Since the notice is held to be insufficient upon this ground, it is unnecessary for us to consider defendant's other contentions to the same end.

The judgment is reversed and the case is remanded to the district court for further proceedings according to law.

BURR, Ch. J., and MORRIS, CHRISTIANSON, and NUESSLE. JJ., concur.

BURKE, J. (on petition for rehearing): A petition for rehearing,

filed by the plaintiff in this case embraces one point which we think merits further consideration. She asserts that the right of the defendant McCutcheon to contest her title is barred by the short statute of limitations contained in § 2194 Compiled Laws of North Dakota 1913. This section is as follows: "Any person having or claiming title to or lien or incumbrance upon any land, whether in his possession or the possession of another, or vacant or unoccupied, may commence and maintain an action, either in law or in equity, at any time before or after the issuing of a tax certificate, and within three years after the execution and delivery of a deed, or in case of deeds heretofore issued, then within three years after the taking effect of this section, against any party, person, county, state or corporation claiming any title to or interest in such lands or lien upon the same adversely to him by or through such tax sale, tax certificate or tax deed heretofore or hereafter made, to test the validity of the tax sale, tax certificate or tax deed, or to quiet the title to said lands as against such claims of such adverse claimant, or to remove the cloud from the title arising from such tax sale, tax certificate or tax deed, and if no action is commenced within the time aforesaid such tax deed shall vest in the grantee a fee simple title to the lands and premises described in such deed, free from all liens and incumbrances made or accrued at or prior to the date of the execution and delivery of such deed, except taxes, and such grantee may at any time thereafter maintain an action against any and all parties for the possession of such premises, and the rights of action herein given shall be governed by the same rules of procedure as rights of action given by § 8044; provided, that nothing in this section shall be construed to prevent any person holding a tax deed from beginning an action against parties claiming title to or lien upon such premises at any time after the execution of the deed, to obtain possession of such premises, or to quiet the title to such lands as aganist such adverse claimants."

While this court has never expressly held that this statute did not run in favor of a tax deed which had been issued without a valid notice of expiration of the period of redemption, it has uniformly held from the time the statute was first enacted that this short limitation does not run in favor of a tax deed which is void on its face nor which, though regular on its face, is void because of jurisdictional defects in the proceedings

which lead to its issuance. Hegar v. De Groat, 3 ND 354, 56 NW 150; Roberts v. First Nat. Bank, 8 ND 504, 79 NW 1049; Sweigle v. Gates, 9 ND 538, 84 NW 481; State Finance Co. v. Beck, 15 ND 374, 109 NW 357; Nind v. Myers, 15 ND 400, 109 NW 335. A defect which vitiates the notice of expiration of redemption is such a jurisdictional defect. Cain v. Ehrler, 36 SD 127, 153 NW 941; Neilan v. Unity Invest. Co. 147 Iowa 677, 126 NW 947; Marx v. Hanthorn, 148 US 172, 37 L ed 410, 13 S Ct 508.

The petition for rehearing is therefore denied.