[File No. 7048]

ROSEMARY DARLYNE McDONALD whose correct name is Rosemary Darylene McDonald and Donnabel Jean McDonald whose correct name is Bonabell Jean McDonald, a minor, and Jerry Charles McDonald, a minor, and F. W. Mees, guardian ad litem for said Bonabell Jean McDonald and Jerry Charles McDonald, minors, Respondents, v. F. W. ABRAHAM and BARNES COUNTY, North Dakota, a political corporation, Appellants.

(28 NW2d 582)

458

Opinion filed August 6, 1947

*Wm. L. Paulson,* State's Attorney, and *L. T. Sproul,* for appellants.

*Roy A. Ployhar,* for respondents.

NUESSLE, J. Plaintiffs, claiming title to the tract of land here involved, brought this statutory action to determine adverse claims. See § 32–1701, ND Rev Code 1943. The complaint is substantially in the statutory form. See § 37–1704. The defendant Abraham answered, denied the ownership of the plaintiffs, alleged he was the owner of the land in question by virtue of a tax deed and, counterclaiming, demanded that plaintiff's cause of action be dismissed and that the title to the premises be quieted in him. The plaintiffs, replying, challenged the validity of the deed on which the defendant predicated his claim of title and ownership, asserted the right to redeem and, in that behalf, tendered the amount of the delinquent taxes and penalty, together with costs as required by the statute. The case was tried to the court and plaintiffs had judgment. Whereupon the defendants perfected the instant appeal and demanded a trial de novo here.

There is little dispute as to the facts. Plaintiffs, Rosemary Darylene McDonald, Bonabell Jean McDonald, and Jerry Charles McDonald, inherited the land from their grandfather. Bonabell and Jerry were minors. Their father was deceased and their mother, Gladys McDonald, was their general guardian. The decree of distribution which evidenced their ownership was issued out of the County Court of Cass County in August 1940, and filed for record in the office of the register of deeds of Barnes County at that time. The 1937 taxes had not been paid. The land was sold for these taxes in December, 1938. There being no other bidders a tax sale certificate was issued to Barnes County pursuant to the statute then in effect.

Chapter 289, Session Laws 1931. In May 1942, the county initiated proceedings pursuant to the provisions of chapter 286, Session Laws 1941 (see Chapter 57–28, ND Rev Code 1943) to procure a tax deed. Service of the notice of expiration of the period of redemption was made as required by the statute. There was no redemption and deed was issued to the county. Thereafter the land was appraised and sold at public auction to the defendant in December, 1942. Gladys McDonald was discharged as guardian in 1945 and the plaintiff, F. W. Mees, was appointed guardian ad litem for the minor plaintiffs, Bonabell Jean McDonald and Jerry Charles McDonald. The instant action was begun May 2, 1945.

Plaintiffs make no contention that the proceedings prior to the service of the notice of expiration of the period of redemption are in any way subject to challenge. They predicated their case in the district court on three propositions: (1) That there was no sufficient service of the notice of expiration of the period of redemption upon the plaintiffs or upon anyone authorized to represent them, and that, in any event, there was no proof by proper affidavit of such service; (2) That the notice of expiration of the period of redemption was insufficient in that it did not include the amounts of all taxes required to be included therein; and (3) That the deed was issued in the name of the auditor of Barnes County to Barnes County instead of in the name of the state of North Dakota to Barnes County.

The requirements prescribed by the statute as to the service of notice of the expiration of the period of redemption must be strictly complied with. See Cota v. McDermott, 73 ND 459, 16 NW2d 54, 155 ALR 1271, and authorities cited therein. Section 4 of Chapter 286, supra, (see § 57–2804, ND Rev Code 1943) provides: "The County Auditor shall serve the notice of the expiration of the period of redemption (1) Upon the record title owners; (2) Upon all mortgagees, lien holders and other persons interested therein as may appear from the records of the Register of Deeds and the Clerk of Court of said county. That said notice shall be served by registered mail, a registry and return receipt shall be demanded and filed with

proof of service. The expense of such service by registered mail shall be added to the amount required to redeem, and paid by the person making the redemption in addition to the amounts stated in the notice. The Auditor shall make proof of such service by affidavit showing the names and addresses of all parties upon whom such notice was ·served with the date of mailing and shall attach the registry and return receipts thereto, and file such affidavit and receipts with the original notice of the expiration of the period of redemption. The Register of Deeds and the Clerk of the District Court shall within ten (10) days or immediately thereafter upon request by the County Auditor furnish him with a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lien holders, or otherwise in the real estate sold to the county for taxes upon which the notice of the expiration of the period of redemption must be served." In the instant case, the auditor requested the certified lists from the register of deeds and the clerk of court as required by the statute. The request was complied with but no addresses were shown on the lists. In the absence of anything to the contrary we must presume no addresses appeared of record in the offices of these officials. See Buman v. Sturn, 73 ND 561, 16 NW2d 837. In fact, the title of the plaintiffs'was shown on the records of the office of register of deeds only by the decree of distribution. And this decree did not indicate the addresses of the plaintiffs to whom the land was thus distributed. The auditor, however, in an effort to ascertain their addresses went to the records of the county agent, and of the Agricultural Administration office, and those records showed the address of the plaintiffs and of their guardian, Gladys McDonald, to be Hunter, North Dakota, care of Nathan Collins; and that the tenant in possession of the land was Harold Warner whose postoffice address was Page, North Dakota. Accordingly she sent notices by registered letter thus addressed to each of the plaintiffs and to Gladys McDonald; and to Harold Warner, tenant in possession, addressed to him at Page. She demanded return receipts for all these letters and paid the fees therefor. She later received the return

receipts for the letters sent to Hunter, signed by Nathan Collins by his wife, Mrs. N. Collins, and for the letter sent to Page signed by the addressee, Harold Warner. It appeared at the trial that Nathan Collins was the brother of Gladys McDonald. In due course thereafter the auditor made proof by affidavit of the service of the notice of expiration of the period of redemption by the mailing of the registered letters containing such notice and filed the same, together with the registry and return receipts, as required by the statute, § 57–2804, supra. It is apparent that the auditor not only did all that the statute required of her, but, as an act of favor and grace, went beyond it and did all that it was reasonably possible for her to do in order that the plaintiffs might receive the notice. Where the officer charged with the duty of giving notice of expiration of the period of redemption to delinquent taxpayers follows the letter of the statute in so doing, as was the case here, the requirement as to service of notice is satisfied although the taxpayer does not receive such notice. Cota v. McDermott (ND) supra; Buman v. Sturn (ND) supra.

On the trial of the case this affidavit of service was offered and received in evidence. It recites all the matters and things required by the statute. But the plaintiff challenges the sufficiency of the auditor's signature to the affidavit as well as that of the notary to the jurat. The affidavit and the jurat are contained on one page. The auditor, called as a witness, testified that she signed the affidavit and swore to it before a notary public. It appears, however, that she placed her signature on the line of the jurat designated for the notary public, and the notary signed on the line at the foot of the affidavit designated for the auditor. In all other respects the affidavit is in due form and bears the seal of the notary. Unquestionably, the affidavit was sworn to but, in the execution thereof, the signatures of the auditor who made it and of the notary public who administered the oath, were inadvertently transposed. We are of the opinion that this inadvertence is not fatal. The instrument gives notice of the facts recited therein. The maker was sworn. Her signature is affixed thereto, as is that the no-

tary public. And evidence aliunde explaining the inadvertence was offered and properly received. See Turner v. St. John, 8 ND 245, 78 NW 340; Robertson Lumber Co. v. Clarke, 24 ND 134, 138 NW 984.

The plaintiffs next contend that the notice of expiration of the period of redemption was insufficient in that it did not include a statement of all the taxes required by law to be paid in order to perfect the redemption. The statute, § 57–2801, requires that "the county auditor shall give notice of the expiration of the period of redemption as to all tracts of real estate sold to the county, where three or more years have expired from the date of the original, or any subsequent, tax sale certificates issued or deemed to have been issued to the county, which have not been redeemed or assigned." Section 57–2803 requires that this notice of expiration of the period of redemption shall include all real estate taxes "where three or more years have expired from the date of the original, or any subsequent, tax sale certificate, issued or deemed to have been issued at the time of the service of such notice, but such notice shall show separately the amount of the delinquent taxes, with penalty and interest, due for each year, and the total amount which is required to be paid to effect a redemption of the real estate from such tax proceedings." And § 57–2805 requires the notice served by registered mail shall, among other things, set forth that "more than three years have expired since the date of each of said tax sale certificates, that no redemption has been made therefrom, and that the same still are the property of such county, . . . ." In the instant case the 1937 taxes were not paid. Accordingly, on December 13, 1938, the land was sold at tax sale and the certificate was issued to Barnes County. The 1938 taxes were not paid. They became delinquent March 1, 1939, and were not paid thereafter. The proceeding to ripen the original tax certificate issued to the county to tax deed was begun May 15, 1942. There was at that time no other outstanding tax sale certificate more than three years old, since the certificate for the 1938 taxes was issued in December, 1939. The notice of expiration of the period of redemption accordingly did not include any amounts due on ac-

count of the certificate for the taxes of 1938. Nor did it include any amounts for delinquent taxes other than those for 1937 for which the 1938 tax certificate was issued. The plaintiffs argue that pursuant to the provisions of the statutes last above quoted, the notice of expiration of the period of redemption should have included the amounts of the delinquent 1938 taxes, together with penalties and interest, for the reason that those taxes became due and delinquent more than three years prior to the time of the service of the notice. The answer is that the certificate covers these items and it was issued less than three years prior to the date of the service of the notice of expiration of the period of redemption. It is enough to say here that this court has ruled contrary to the plaintiffs' contention on several occasions heretofore. See Kelsch v. Miller, 73 ND 405, 15 NW2d 433, 155 ALR 1186; Baeverstad v. Reynolds, 73 ND 603, 18 NW2d 20; Robertson v. Brown, ante, 109, 25 NW2d 781.

The plaintiffs also contended that the deed issued to the county was defective and void in that it was issued in the name of the county auditor of Barnes County rather than in the name of the state of North Dakota to Barnes County. It is true that the deed is void. But nevertheless the title vests in the county in such case by operation of law and the execution of the deed is but a ministerial act on the part of the county auditor. And when the county conveyed to the defendant it conveyed to him all the right, title and interest it had herein. See Buman v. Sturn, 73 ND 561, 16 NW2d 837, supra; Stutsman v. Smith, 73 ND 664, 18 NW2d 639.

On appeal to this court plaintiffs, for the first time, advance a fourth point, and that is, that the plaintiffs are minors and pursuant to the provisions of § 57–2604, "Any minor . . . having an estate in or lien on land sold for taxes may redeem the same within three years after his disability ceases, but in such cases the right to redeem must be established in a suit for that purpose brought against the party holding title under (the) sale." The plaintiff, Rosemary Darylene McDonald, be-

came of age in May, 1940. Accordingly, she is in no position to make any claim under the provisions of the foregoing section. But the plaintiffs, Bonabell Jean and Jerry Charles McDonald still are minors and it is urged that they have the right to redeem not only for themselves but for Rosemary as well. The defendant counters that the question of the right of minors to redeem pursuant to the foregoing section was neither raised nor considered in the court below and therefore cannot be urged for the first time on this appeal. There is substance to this contention and the cases sustain it. Kelsch v. Miller, 73 ND 405, 15 NW2d 433, 155 ALR 1186, supra; Enderlin v. Pontiac Twp. 62 ND 105, 242 NW 117; Hultberg v. Hultberg, 49 ND 761, 193 NW 605; Ugland v. Farmers & M. State Bank, 23 ND 536, 137 NW 572; Movius v. Propper, 23 ND 452, 136 NW 942; Poirier Mfg. Co. v. Kitts, 18 ND 556, 120 NW 558. But this is an equitable action. The case is here for trial de novo. That the minor plaintiffs may have the right to redeem appears only incidentally. The issue is one of fact. The interests of justice require that the plaintiffs should be permitted to establish the right if they can—the defendant to refute it. But this must be done in the trial court.

The defendant further contends that, in any event, the statute conferring the right plaintiffs now seek to assert presupposes a tax proceeding which has resulted in a valid deed, and, therefore, the right to redeem can be established only in an action brought for that purpose and that the instant action is not such an one. But he overlooks the fact that he has, in effect, counterclaimed, and in his prayer for relief asks that the plaintiffs be adjudged to have no estate, right, title or interest in the land in question and that title thereto be quieted in himself. We are of the opinion that in an action against a minor to determine adverse claims—and defendant's counterclaim in effect amounts to such—the minor may under this statute assert and establish his right to redeem. The Supreme Court of Minnesota has so held. See Minnesota Debenture Co. v. Dean, 85 Minn 473, 89 NW 848; Miner v. Buzick, 206 Minn 341, 288 NW 582.

And § 57–2604, supra, was first enacted as section 21, chapter 67, Session Laws 1897, and again as § 84, chapter 126, Session Laws 1897, and is practically identical with and probably taken from the laws of the state of Minnesota. Gen Stat 1878, § 91, chapter 11. See Emmons County v. Thompson, 9 ND 598, 84 NW 385.

The defendant makes two further contentions: First, that under the statute, § 57–2604, the right of a minor to redeem may be asserted only within the three-year period after he attains his majority and, second, that even if the minor be found to have such right to redeem he may exercise it only to the extent of redeeming such interest as he owns in the land. Both of the questions raised by these contentions were considered and answered in the case of Goodrich v. Florer, 27 Minn 97, 6 NW 452, decided in 1880, long prior to the enactment of § 57–2604. As to the first, the court said in that case that the right to redeem by persons under disability is not suspended during the disability. And, answering the question raised by the second contention, the court said that one entitled to redeem under that section could redeem only such estate or interest in the land as he actually owned. It is to be presumed that when this statute was adopted and enacted into law by our legislature that the construction theretofore put upon the same was also adopted, but, in any event, the reasoning in the Goodrich Case (Minn) supra, is so cogent that we cannot do otherwise than approve of and apply it in the instant case.

Summed up, we hold that the proceedings leading to the issuance of the tax deed to the county were in compliance with the statute and that the title passed to the county; that the defendant is the owner of the right, title and interest the county thereby acquired and is entitled to have the title to the premises quieted in him, subject only to the right, if it can be established, of the minor plaintiffs, Bonabell Jean McDonald and Jerry Charles McDonald, to make redemption of their respective interests; and that this issue may be determined in the instant action. Accordingly, the judgment is reversed and the case is remanded

to the district court for further proceedings not inconsistent with this opinion.

CHRISTIANSON, Ch. J., and BURKE and BURR, JJ., concur.
MORRIS, J., not participating.