Gladys D. ELMS, Plaintiff and Appellant,

v.

Willard OLSON, Defendant and Respondent.

No. 7662.

Supreme Court of North Dakota.

Feb. 7, 1957.

As Amended Feb. 21, 1957.

| "Subdivision | Sec. or Lot | Twp. or Block |
|---|---|---|
| S NE, Lots 1–2 | 5 | 155 |

and then states:

" * * * Tax Sale held in said County on the 14 day of December 1926, offered for Sale for Delinquent

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Walter O. Burk, Williston, for defendant and respondent.

JOHNSON, Judge.

This is a statutory action to quiet title covering the South Half of the Northeast Quarter (S½NE¼) and Lots 1 and 2, Section 5, Township 155 North of Range 96 West, Williams County, North Dakota. The plaintiff claims title as the former owner. The defendant claims title as purchaser from Williams County, North Dakota. The county acquired the property under tax deed proceedings. The defendant by way of counterclaim asserts that he is the owner of the property and pleads the 10 and 20 year statutes of limitations as a bar to the plaintiff's action.

The only challenge to the defendant's title is based upon the contention that the notice of expiration of the period of redemption is invalid, in that it included 1926, 1927 and 1928 taxes levied subsequent to the sale of the 1925 taxes; that there were, therefore, included in the notice of expiration of the period of redemption taxes which were delinquent less than three years. The notice of expiration of the period of redemption was issued by the county auditor of Williams County, on January 15, 1930 It describes the property involved as follows:

| Range | Years Tax | Amt. Required To Redeem |
|---|---|---|
| 96 | | 319.57" |

Taxes against it and was sold to said County, and that there are due and unpaid Taxes, penalty and Interest and costs upon and against said Real Es-

tate at the date of this notice the sum of Three hundred-nineteen and 57/100 Dollars including subsequent Taxes for the years 1925, 1926, 1927, 1928, 19——, and Penalty and Interest thereon, and that redemption has not been made therefrom, * * *."

The trial court found for the defendant upholding the validity of the defendant's title. The plaintiff appeals and requests a trial de novo.

The issue before us is whether the inclusion of taxes which were delinquent less than 3 years invalidated the notice of expiration of the period of redemption. That depends upon whether the law in force governing tax sale procedure permitted the county to include in the notice of expiration of the period of redemption, not only the original tax for which the property was sold, but also all subsequent taxes then due and delinquent. It is apparent that the procedure taken for the acquisition of this property by Williams County was conducted under the statutes as they existed prior to enactment of chapter 298, 1931 S.L. The trial court stated that the tax title proceedings were in compliance "with the statutes as they existed at the time they were conducted and that no defect therein has been established." This conclusion is based on statements made in the case of Kelsch v. Miller, 73 N.D. 405, 15 N.W.2d 433, 438, 155 A.L.R. 1186. In that case it is stated:

"The effect of the legislative enactments of 1931, Laws 1931, chap. 298, and 1939, Laws 1939, chap. 235, was to eliminate the requirement, Laws 1925, chap. 199, that in order to make redemption from a tax sale certificate the redemptioner must pay the amount of subsequent taxes, penalties and interest without regard to the date when such taxes were paid or became due. Under these enactments, the redemptioner could be required to pay only the amount due upon a tax sale that had been had and upon a certificate that

had been issued three or more years before the notice of expiration of the period of redemption was issued, and he could not be required to pay as part of the amount necessary for redemption any subsequent taxes that had accrued, or the amount of a tax sale certificate issued less than three years prior to the date of the notice of expiration of the period of redemption."

It is contended that this statement is dicta; that the opinion overlooks certain statutory provisions; and that the opinion sanctions statements of the amount due by years and not by lump sum. It also asserted that under present law, the tax title would be defective. Grandin v. Gardiner, N.D., 63 N.W.2d 128; Wilson v. Divide County, N.D., 76 N.W.2d 896. That is true but the cases cited arise under different statutes.

We need not concern ourselves with whether the quoted statement from Kelsch v. Miller, supra, is dicta. The discussion relates to the historical development of the statutes. An examination of the statutes bears out the conclusion reached. Section 4, Chapter 199, 1925 Session Laws, amending section 2197 of the 1913 Compiled Laws says:

"(1) If at said sale any piece or parcel of land shall be sold to a purchaser, the same may be redeemed at any time within three years from the date of sale by any person or corporation having an interest therein who shall pay into the treasury of the county for the credit of the person thereto entitled, the amount paid by the purchaser at the time of sale, with a penalty of three per cent and interest thereon at the rate specified in such certificate of sale *together with all amounts of subsequent taxes,* penalties and interest paid by the holder of such certificate of sale up to the date of redemption * * * In case any piece or parcel of land was struck off to the county at tax sale, then any person or

corporation having an interest therein shall have the same right of redemption from the county, and on the same terms, as from a purchaser at a tax sale." (Emphasis supplied.)

It is true that subsection (2) of Section 4 of this law provides for permissive partial redemption. But such permissive partial redemption does not eliminate the requirement that when tax proceedings are taken for the forfeiture of the property all subsequent taxes then due and delinquent shall be included in the notice of expiration of period of redemption.

There is no requirement in this statute that the taxes be separated by years. As far as we can determine, that requirement first came into our law as a part of Chapter 286 of the 1941 Session Laws, Section 3, now Section 57–2803, NDRC 1943.

The notice of expiration of the period of redemption involved in this action sets out the requirements of Section 5 of Chapter 199 of the 1925 Session Laws, which states:

"There is given herewith the descriptions of such parcels of real estate, and set opposite each description is the amount which will be required upon the date of the expiration of the period of redemption to redeem such real estate * * *."

We have here only one description. The amount due is set opposite thereto, which was required to redeem the property.

In DeNault v. Hoerr, 66 N.D. 82, 262 N.W. 361, 366, a case arising under the statutes as they existed prior to 1931, states:

"It is argued by the appellants that 'there is no authority for the holder of the certificate of sale to include the subsequent taxes paid, * * * and the notice including such amount is a nullity as it does not give the correct amount to redeem.' This contention is directly contrary to the provisions of section 2197, 1925 Supplement, which provides that if at a tax sale 'any piece or parcel of land shall be sold to a purchaser, the same may be redeemed at any time within three years from the date of sale by any person or corporation having an interest therein who shall pay into the treasury of the county for the credit of the person thereto entitled, the amount paid by the purchaser at the time of sale, with a penalty of three per cent. and interest thereon at the rate specified in such certificate of sale together with all amounts of subsequent taxes, penalties and interest paid by the holder of such certificate of sale up to the date of redemption. * * *'

"The amount of subsequent taxes, penalties, and interest paid by the holder of the tax sale certificate is therefore clearly 'part of the amount required to redeem such lands from sale' and was properly included in the notice of expiration of redemption."

The notice of expiration of the period of redemption in the case at bar conformed to the requirements of the statutes in existence at the time of its issuance and was in complete compliance therewith. Kelsch v. Miller, 73 N.D. 405, 15 N.W.2d 433, 155 A.L.R. 1186; DeNault v. Hoerr, supra.

The case of Hodges v. McCutcheon, 72 N.D. 150, 5 N.W.2d 83, does not militate against our conclusion. In that case taxes for two years prior to those which were the basis of the tax sale were included in the notice of expiration of the period of redemption. It might possibly be inferred from that case that the taxes were separately stated. While that no doubt could be done in any notice of expiration of the period of redemption, there was no statutory requirement to state them separately or by years under the statutes governing the issuance of the notice of expiration of the period of redemption involved in the case at bar.

In view of our determination that the defendant's tax title is valid it is unneces-

sary to discuss the defenses of the statutes of limitations.

The judgment of the trial court is affirmed.

GRIMSON, C. J., and BURKE, MORRIS, and SATHRE, JJ., concur.