**CITY OF BISMARCK, a Municipal Corporation, Plaintiff-Appellant,**

v.

**Henry A. MUHLHAUSER et al., Defendants-Appellees.**

**Civ. No. 9100.**

Supreme Court of North Dakota.

Aug. 20, 1975.

Rehearing Denied Oct. 7, 1975.

John A. Zuger, City Atty., Bismarck, for plaintiff-appellant.

Joseph A. Vogel, Jr., Mandan, for Henry A. Muhlhauser, defendant-appellee.

Richard P. Rausch, Bismarck, amicus curiae.

PEDERSON, Judge.

A default judgment, quieting title to certain lands, was entered in favor of the City of Bismarck. The district court of Burleigh County granted an application by Muhlhauser to vacate and set aside such default judgment. The City appeals.

Titles to the lands involved were acquired by Burleigh County in tax proceedings, pursuant to Chapter 57–28, N.D.C.C., and were thereafter conveyed to the City of Bismarck. The lands are described as:

The West 200 ft. of the North 121 ft. of Block 6, Lincoln Addition to City of Bismarck, Burleigh County, North Dakota, containing approximately .555 acres.

Lots 14 and 15 in Block 32, Sturgis Addition to City of Bismarck, Burleigh County, North Dakota.

The East 50 ft. of the West 300 ft. of the North 121 ft. of Block 6, Lincoln Addition to City of Bismarck, Burleigh County, North Dakota, containing approximately .139 acres.

In March 1973, the City of Bismarck brought an action to quiet title to these lands. Muhlhauser was a named defendant in the action and, on April 18, 1973, was personally served with the summons, notice of no personal claim, and complaint. Neither Muhlhauser nor any other defendant answered and on July 19, 1973, the City of Bismarck was awarded a judgment by default quieting its title to such lands.

On July 19, 1974, Muhlhauser served on the City of Bismarck a motion, notice of motion, and affidavit of merits, asking that the trial court set aside the default judgment as authorized by § 32–17–13, N.D.C.C.

Muhlhauser stated in his affidavit of merits that the notice of expiration of period of redemption issued by the Burleigh County auditor on May 31, 1972, listed only delinquent taxes for the year 1967, and failed to list delinquent taxes for 1968, 1970, and the first installment for 1971.

Prior to the hearing on his motion, Muhlhauser served a proposed answer, counterclaim and third party complaint, challenging the validity of the tax proceedings and specifically alleging that the failure to incorporate in the notice of expiration of period of redemption the delinquent taxes for 1968, 1970, and the first installment for 1971, as required by § 57–28–03, N.D.C.C., invalidates the tax proceedings.

Relying on *Brink v. Curless*, 209 N.W.2d 758 (N.D.1973), the trial court found that Muhlhauser had a meritorious defense and set aside the default judgment.

■ Appeals from interlocutory orders are not ordinarily allowed [1] but because the merits of the case are involved and because the posture of this case makes it necessary to resolve the question here, we conclude that the order is appealable under Chapter 28–27, N.D.C.C.

Section 32–17–13, N.D.C.C., provides:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

■ The statute (§ 32–17–13, N.D.C.C.) requires that good cause be shown for vacating a default quiet title judgment and this has been interpreted to mean that the applicant must present a meritorious defense. *Smith v. Cook*, 73 N.W.2d 151, 158 (N.D.1955); *Hart v. Hone*, 57 N.D. 590, 223 N.W. 346, 348 (1928).

If Muhlhauser's interpretation of § 57–28–03, N.D.C.C., is correct, he has presented a meritorious defense. On the other hand, the City of Bismarck argues that no good cause had been shown and no meritorious defense presented for the reason that Muhlhauser and the trial court misinterpreted § 57–28–03, N.D.C.C.

Although the trial court found that the issues raised in this lawsuit were numerous, it concluded that the single issue involving

1. *See William Clairmont v. Burlington Northern*, 229 N.W.2d 77 (N.D.1975); *Wahpeton Public Sch. Dist. v. North Dakota Ed. Ass'n*, 166 N.W.2d 389 (N.D.1969); *Trautman v. Keystone Development Corporation*, 156 N.W.2d 817 (N.D.1968); *Wright and Miller, Federal Practice and Procedure*, Section 2818, at 116.

**4**

§ 57–28–03, N.D.C.C., was determinative of the rights of the parties. We agree.

That statute reads as follows:

"The county auditor shall include in the notice of the expiration of the period of redemption all real estate taxes, where three or more years have expired from the date of the original, or any subsequent, tax sale certificate, issued or deemed to have been issued at the time of the service of such notice, but such notice shall show separately the amount of delinquent taxes, with penalties and interest, due for each year, and the total amount which is required to be paid to effect a redemption of the real estate from such tax deed proceedings."

Muhlhauser relies primarily upon *Brink v. Curless*, 209 N.W.2d 758 (N.D.1973), as did the trial court, in concluding that the notice of expiration of the period of redemption was deficient.

In *Brink* the county auditor of Burleigh County had mailed the notice in June 1970 listing delinquent taxes for only the year 1965. A tax sale certificate covering the 1965 taxes had been issued on December 11, 1966. In June 1970 taxes were also delinquent for the years 1966, 1967, 1968, and the first installment for 1969.

*Brink* relied primarily upon the following language from *Elms v. Olson*, 81 N.W.2d 117, 119 (N.D.1957):

" * * * permissive partial redemption does not eliminate the requirement that when tax proceedings are taken for the forfeiture of the property all subsequent taxes then due and delinquent shall be included in the notice of expiration of period of redemption."

We hold that *Brink* misinterpreted *Elms* and is diametrically opposed to *McDonald v. Abraham*, 75 N.D. 457, 28 N.W.2d 582 (1947), and *McGee v. Stokes' Heirs at Law*, 76 N.W.2d 145 (N.D.1956), on the question of whether or not a listing of delinquent taxes which have not been delinquent for at least three years must be shown on the notice of expiration of period of redemption.

*McDonald* involved lands in Barnes County. The taxes for 1937 were not paid and the County purchased the tax certificate in December 1938. In May 1942 the Barnes County auditor served the notice of expiration of period of redemption but did not list the 1938 taxes which became delinquent on March 1, 1939, and the tax certificate thereon was sold in December 1939. The only outstanding tax sale certificate that was more than three years old was the one covering the 1937 taxes.

In *McDonald*, at syllabus 3, 28 N.W.2d 583, this court said:

"Taxes, interest and penalties represented by tax sale certificates issued or deemed to have been issued within three years prior to notice of expiration of the period of redemption from tax sale *may not* be included in the amount stated in the notice as necessary to be paid in order to make redemption." [Emphasis added.]

*McGee* concerned a Bowman County notice of expiration of period of redemption issued by the county auditor in January 1939 which related to a tax sale certificate sold in December 1929 covering delinquent 1928 taxes. The notice also listed delinquent taxes for each of the years 1929 through 1937. Saying that "neither the 1936 nor 1937 taxes on the land under consideration were three years old at the time of the service of the notice of expiration of the period of redemption" this court, at 151 of 76 N.W.2d, held:

"The inclusion of the 1936 and 1937 taxes in the notice of expiration of the period of redemption issued in connection with the property involved in this action clearly renders it void."

Although the *Brink* decision correctly quotes from the *Elms* opinion, it fails to recognize that the *Elms* case was interpreting the law in effect at the time the notice of expiration of period of redemption was given (1930), not the law applicable to no-

tices given under the law in effect at the time of the decision (1957).

■ We conclude that *McDonald* and *McGee* correctly interpreted the law applicable in 1947 and 1956, and which is applicable today, and hold that a notice of expiration of period of redemption issued pursuant to § 57–28–03, N.D.C.C., is not invalid because it lists delinquent taxes only for periods more than three years prior to the notice. Insofar as it conflicts herewith, *Brink v. Curless*, 209 N.W.2d 758 (N.D. 1973), is overruled.

The laws applicable to tax sale proceedings as they exist today and as they existed at the time the notice of expiration of period of redemption was given to Muhlhauser require that the notice specify only those taxes, the payment of which must be made by the owner to protect his title.

■ Under § 2196, C.L.1913, the amount of subsequent taxes paid by the holder of a certificate of tax sale prior to the issuance of a notice of expiration of period of redemption was required to be paid to redeem the land and was properly included in the notice. *De Nault v. Hoerr*, 66 N.D. 82, 262 N.W. 361 (1935). This is no longer required under any provision in the redemption statute (Chapter 57–26, N.D.C.C.), and an owner may redeem the land and protect his title by payment, after notice, of those taxes covered by tax sale certificates issued three or more years prior to the notice of expiration of period of redemption without payment of subsequent delinquent taxes, whether or not certificates have been issued covering such subsequent taxes.

■ A notice of expiration of the period of redemption which contains all the information required by law is not rendered invalid by a marginal notation thereon referring to other delinquent taxes that have not run for three years, and were not included in the amount necessary to effect redemption. Such marginal notation will be considered as surplusage. *May v. Miller*, 78 N.W.2d 391 (N.D.1956), syllabus 2.

■ The trial court's finding that Muhlhauser had presented a meritorious defense was based upon an erroneous interpretation of law. We hold that the defense presented was not meritorious and that it was an abuse of discretion to grant the motion to vacate the judgment and reopen the case. In view of our conclusion, we need not address ourselves to the question raised by the City of Bismarck whether diligence is required of an applicant under § 32–17–13, N.D.C.C., nor need we consider matters of laches and protection of innocent purchasers as argued by amicus curiae.

The order is reversed.

VOGEL and SAND, JJ., concur.

ERICKSTAD, Chief Justice (concurring specially).

The writer of this opinion, through his analysis of the statutes and the case law, has convinced me that we committed error in *Brink v. Curless*, 209 N.W.2d 758 (N.D. 1973), by applying superseded law. If we have today failed to fully comprehend the legal basis for the holding in *Brink*, have misconstrued the law, or have failed to take cognizance of the appropriate law, it is within the province of the appellee to so advise us in a petition for rehearing.

PAULSON, J., concurs.

PEDERSON, Judge (on petition for rehearing).

In his petition for rehearing Muhlhauser states that we have ignored legislative intent in our interpretation of Chapter 57–28, N.D.C.C., and he then paraphrases § 57–28–03, N.D.C.C., as stating that "the notice of expiration shall include the original, or any subsequent, tax sale certificate * * *." If this were the complete statement of that section, we would be faced with the improbable if not absurd conclusion that the notice could include *either* the original *or* any subsequent tax sale certificate.

Although § 57–28–03, N.D.C.C., is so excessively punctuated with commas that it torments the mind of any reader, we can reach no other conclusion than that three or more years must have expired from the original or any subsequent tax sale certificate before notice thereof is to be given by the county auditor.

If there is any confusion as to the intent of the Legislature, found in § 57–28–03, N.D.C.C. (and likewise in § 57–28–01, N.D.C.C.), there is complete clarification of legislative intent in the remaining provisions of the entire Act as adopted by the Legislature in 1941 (S.B. 205, 27th Legislative Assembly; Ch. 286, S.L. 1941). In §§ 5 and 7 of that Act (now §§ 57–28–05 and 57–28–07, N.D.C.C.), the Legislature prescribed the specific form of the notice and therein required the county auditor to state in the notice "that more than three years have expired from the date of each of said tax sale certificates."

The rehearing is denied.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.